USDC SCAN INDEX SHEET










```
GEP    7/12/04    18:41
3:04-CV-01389   TERRY V. PIEBUSH ENTERPRISES
*1*
*CMP.*
```

LAW OFFICES OF ROY L. LANDERS
ROY L. LANDERS (BAR #64920)
LaTOYA S. REDD (BAR # 218342)
7840 MISSION CENTER COURT, SUITE 101
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 296-7898
FACSIMILE (619) 296-5611

Attorney for Plaintiff, Donald Terry

FILED
JUL 9 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DONALD TERRY,

    Plaintiff,

vs.

PIEBUSH ENTERPRISES, LLC, dba HUNGRY STICK BILLARDS; GARY PRZYTAKOSKI; DAVID BUESCHER AND DOES 1-10, INCLUSIVE,

    Defendants.

Case No. '04CV 1389 JM (WMc)

COMPLAINT FOR DAMAGES RE: VIOLATION OF CIVIL RIGHTS ON BASIS OF DISCRIMINATION IN PUBLIC ACCOMMODATIONS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

I

**JURISDICTION AND VENUE**

1. (a) Jurisdiction of this action is invoked on the basis of 28 USC 1331 and 1343, 42 USC 12101-12102, 12181-12183 and 12201, et. seq., which is applicable to causes of action where persons with disabilities have been denied their civil rights. Venue in the Southern Judicial District of California in the United States District Court is in accord with 28. U.S.C. Section 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the Southern District of California.

  (b) <u>Supplemental Jurisdiction.</u> The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims alleged in this Complaint pursuant to 28 U.S.C. Section 1367(a). Supplemental jurisdiction is appropriate in this

action on the basis that all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from a common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents whereby Plaintiff was denied full and equal access to Defendant's facilities, goods, and/or services in violation of both federal and state laws when Plaintiff attempted to enter, use, and/or exit Defendant's facilities as described within this Complaint. Further, due to this denial of full and equal access, Plaintiff and other person's with disabilities were injured. Based upon such allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## II

## PARTIES

2. Defendants Piebush Enterprises, LLC, Gary Przytakoski and David Buescher were and at all times herein mentioned, were duly organized businesses, associations, or corporations duly authorized to exist and operate within the State of California and County of San Diego and the owner, lessee, or tenant of the premises located at 4664 Clairmont Mesa Boulevard San Diego, California 92117.

3. Plaintiff is informed and believes and thereon alleges that defendants as named herein, including Does 1-5 are the owners and/or landlords of the subject property upon which Defendants' business is sited.

4. Plaintiff is informed and believes and thereon alleges that each of the named defendants herein operate a business and or/facility of public accommodation as defined and described within 42 USC 12181(7)(b) of the American with Disabilities Act [ADA] and, as such, must comply with the ADA under provisions of Title III therein.

5. Plaintiff is ignorant of the Defendants sued as Does 1-10 herein, and therefore sues them in their fictitious names as Doe Defendants. Plaintiff is informed and believes and thereon alleges that Does 1-10 are the owners, operators, lessees or tenants of the subject property and each of the Doe Defendants at all times herein were acting as the agent and or representative of each other and, thereby, are responsible in some manner for the injuries and damages complained of herein.

Plaintiff will seek leave of the court to amend this complaint to name Doe Defendants when the same is ascertained.

### III

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Plaintiff is a male who is disabled and confined to a wheelchair. He has no control over his lower extremities and must use a wheelchair to transport himself and to affect the basic necessities of his everyday existence. Plaintiff's disability substantially limits one or more of life's major activities and therefore he is disabled as defined under section 42 USC 12102(2)(A)(B)(C).

7. On or about May 5, 2004 Plaintiff patronized the premises of Defendants to utilize goods and/or services offered by Defendants. When Plaintiff attempted to gain access to the goods and/or services offered by Defendants he encountered access barriers because the premises failed to comply with federal ADA Access Guidelines For Building and Facilities [hereinafter "ADAAG"]; Department of Justice [DOJ] regulations at 28 CFR. 36.201; 36.304 and/or the State of California's Title 24 Building Code Requirements.

8. The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG, DOJ regulations and Title 24 of the California Building Code are:

1   Site Entrance Signage (Not Filled Out - Reclaim at:)
        (CA Title 24 1129B.5)
1   Site Entrance Signage (Not Filled Out – Telephone number:)
        (CA Title 24 1129B.5)
1   Designated Disabled "VAN ACCESSIBLE" Parking - Space
        (ADAAG 4.1.2(5)(b) & CA Title 24 1129.B.4.2)
1   Designated Disabled "VAN ACCESSIBLE" Parking Space - Width
        (ADAAG 4.1.2(5)(b) & CA Title 24 1129.B.4.2)
1   Designated Disabled "VAN ACCESSIBLE" Parking Space - Length
        (ADAAG 4.1.2(5)(b) & CA Title 24 1129.B.4.2)

1   Designated Disabled "VAN ACCESSIBLE" Parking Space - Signage
      (ADAAG 4.1.2(5)(b) & CA Title 24 1129.B.4.2)
1   Warning - Access Aisle - (NO PARKING)   (CA Title 24 1129B.4.1 & 2)
1   Warning – Access Aisle - (12" High Minimum)
      (CA Title 24 1129B.4.1 & 2)
1   Regular Access Aisle – Exist/Improper
      (CA Title 24 1129B.4.1)
1   Regular Access Aisle -  Width
      (CA Title 24 1129B.4.1)
1   Regular Access Aisle -  Length
      (CA Title 24 1129B.4.1)
1   Van Accessible Aisle – Exist/Improper
      (ADAAG 4.6.3 & CA Title 24 1129B.4.2)
1   Van Accessible Aisle - Width
      (ADAAG 4.6.3 & CA Title 24 1129B.4.2)
1   Van Accessible Aisle -  Length
      (ADAAG 4.6.3 & CA Title 24 1129B.4.2)
1   Van Accessible Aisle - (Passenger Side)
      (ADAAG 4.6.3 & CA Title 24 1129B.4.2)
1   Signage Installed - (Each Space)
      (ADAAG 4.6.4 & CA Title 24 1129B.5)
1   Additional Signage - (Van Accessible)
      (ADAAG 4.6.4 & CA Title 24 1129B.5
1   Shortest Route of Travel to Accessible Entrance
      (ADAAG 4.6.2)
1   Designated Disabled Parking Space Signage – Proper Height
      (ADAAG 4.6.4 & CA Title 24 1129B.5)

| | | |
|---|---|---|
| 1 | 1 | Parking Space Emblem – Proper Size |
| 2 | | (ADAAG 4.6.4 & CA Title 24 1129B.5.1 &.2) |
| 3 | 1 | Curb Ramp Location/Improper |
| 4 | | (ADAAG 4.7.1) |
| 5 | 1 | Curb Ramp - Projects into Vehicular Traffic Lanes |
| 6 | | (ADAAG 4.7.6) |
| 7 | 1 | Entrance – Signage at Every Entrance/Exit, Accessibility |
| 8 | | (ADAAG 4.1.3(16)(b) & CA Title 24 1127B.3) |
| 9 | 1 | Wheelchair – Access to Each Type of Functional Activity |
| 10 | | (ADAAG 5.1 & CA Title 24 1104B.5.3) |
| 11 | 1 | Seating – Dining, Banquet & Bar Facilities – (Min Requirement 5%) |
| 12 | | (ADAAG 5.1 & CA Title 24 1104B.5.4) |
| 13 | 1 | Seating – Dining, Banquet & Bar Facilities – (Clear Space 30" x 48" Min)) |
| 14 | | (ADAAG 4.2.4.1 & CA Title 24 1122B.3) |
| 15 | 1 | Seating – Dining, Banquet & Bar Facilities – (Knee Space 27"H, 30"W, 19"D) |
| 16 | | (ADAAG 4.32.3 & CA Title 24 1122B.3) |
| 17 | 1 | Seating – Dining, Banquet & Bar Facilities – (Table Height 28"-34" ) |
| 18 | | (ADAAG 4.32.4 & CA Title 24 1122B.4) |
| 19 | 1 | Seating – Dining, Banquet & Bar Facilities – (Access Aisles Min Width 36" ) |
| 20 | | (ADAAG 5.3 & CA Title 24 1104B.5.4) |
| 21 | 1 | Seating – Dining, Banquet & Bar Facilities – (Equivalent Services & Décor @ |
| 22 | | Accessible Seating ), (ADAAG 5.4 & CA Title 24 1104B.5.4) |
| 23 | 1 | Seating – Dining, Banquet & Bar Facilities – (Accessible Seating Integrated |
| 24 | | w/General  Seating) (ADAAG 5.4 & CA Title 24 1104B.5.4) |
| 25 | 1 | Counters – Dining, Banquet & Bar Facilities – (Counter Height 28"-34" ) |
| 26 | | (ADAAG 4.23.3, 4.32.4 & CA Title 24 1122B.1 &.4) |
| 27 | 1 | Counters – Dining, Banquet & Bar Facilities – (Knee Space 27"H, 30"W, 19"D) |
| 28 | | (ADAAG 4.32..3 & 4 & CA Title 24 1122B.3) |

| | | |
|---|---|---|
| | 1 | Counters – Dining, Banquet & Bar Facilities – (Clear Floor Space 30" x 48" Min)) |
| | | (ADAAG 4.2.4, 4.32.2 & CA Title 24 1122B.3) |
| | 1 | Counters – Dining, Banquet & Bar Facilities – (Clear Space adjoins Accessible Route)(ADAAG 4.2.4.2, 4.32.2 & CA Title 24 1122B.3) |
| | 1 | Counters  (Clear Space adjoins Accessible Route) |
| | | (ADAAG 4.2.4.2 & CA Title 24 1122B.3) |
| | 1 | Bathroom – Proper Directional Signage to Accessible Restroom |
| | | (ADAAG 4.30.7(d) & CA Title 24 1117B.5.1.1.1 & 5.3) |
| | 2 | Bathroom – International Symbol of Accessibility at Accessible Restroom |
| | | (ADAAG 4.30.6 & CA Title 24 1117B.5.9) |
| | 2 | Bathroom – International Symbol of Accessibility - Pictogram Min 6" High |
| | | (ADAAG 4.30.4 & CA Title 24 1117B.5.5.2) |
| | 2 | Bathroom – International Symbol of Accessibility – Verbal Description Below |
| | | (ADAAG 4.30.4 & CA Title 24 1117B.5.5.2) |
| | 2 | Raised Braille Characters - (Restroom Wall Signage) |
| | | (ADAAG 4.30.4 & CA Title 24 1117B.5.6.1 & .2) |
| | 2 | Wall Mount Signage (Latch Side of Door) |
| | | (ADAAG 4.1.2(7)(d) and CA Title 24 1117B.5.1.1 & .5.6.3) |
| | 2 | Wall Mount Signage (60 inches from the floor) |
| | | (ADAAG 4.30.6 & CA Title 24 1117B.5.9) |
| | 2 | Door Mount Signage (Men's & Women's) |
| | | (CA Title 24 1115B.5) |
| | 2 | Door Signage (Color Distinctively Contrast w/Door Color) |
| | | (CA Title 24 1115B.5) |
| | 2 | Door - Clear Opening Width  (**Side Min 34"** Width) - Stall |
| | | (CA Title 24 1115B.7.1.4) |
| | 2 | Grab Bar – Parallel Mounting Height |
| | | (ADAAG 4.17.6 & CA Title 24 1115B.8.1) |

| | |
|---|---|
| 2 | Grab Bar – Side Proper Extension Beyond Water Closet (24 inches) |
| | (ADAAG 4.17.6 & CA Title 24 1115B.8.1) |
| 2 | Grab Bar  - (Side Min 42 inch Long) |
| | (ADAAG 4.14.6 & CA Title 24 1115B.8.1) |
| 2 | Grab Bar – (Side Attached Max 12 inches from Rear Wall) |
| | (ADAAG 4.17.6) |
| 2 | Grab Bar – (Side Forward Ends Located/Extends a Min 54 inches from Back Wall) |
| | (ADAAG 4.17.6) |
| 2 | Grab Bar – (Rear Grab Bar Length 36" Min) |
| | (ADAAG 4.17.6 & CA Title 24 1115B.8.1) |
| 2 | Grab Bar – (Rear Grab Bar Attached to Corner Wall Length 6" Min) |
| | (ADAAG 4.17.6 & CA Title 24 1115B.8.1) |
| 2 | Accessories/Fixtures – Proper Height (Paper Towel Operating Lever) |
| | (ADAAG 4.23.7 & CA Title 24 1115B.9.2) |
| 1 | Urinal Rim Height 17" Max |
| | (ADAAG 4.18.2 & CA Title 24 1503.2.1) |
| 1 | Flush Valve Urinal – Correct Height 44" Max |
| | (ADAAG 4.18.4 & CA Title 24 1503.2.2) |
| 2 | Toilet Tissue – Location from end of water closet 12" Max |
| | (ADA 4.16.6 & CA Title 24 1115B.9.3) |
| 2 | Toilet Stall – Proper Size |
| | (ADAAG 4.17.3 & CA Title 24 1115B.1) |
| 4 | Hardware – Handle Inside/Outside Compartment Door |
| | (ADAAG 4.13.9 & CA Title 24 1115B.7.1.4) |
| 2 | Drain & Hot Water Pipes – Insulated or Covered |
| | (ADAAG 4.24.6) |

Complaint for Damages re: Violation of Civil Rights
Page 7 of 15

9. Based upon the above facts, Plaintiff as been discriminated against and will continue to be discriminated against unless and until Defendants are enjoined and forced to cease and desist from continuing to discriminate against Plaintiff and others similarly situated.

10. Pursuant to Federal [ADA], Title 28 CFR 36.201; 36.203; 36.304; 36.305 and state law [California Title 24], Defendants are required to remove barriers to their existing facilities. Defendants have been put on notice pursuant to the ADA and California Civil Codes [51,52] prior to the statutory effect of the ADA on January 26, 1992 that Defendants and each of them had a duty to remove barriers to persons with disabilities such as plaintiff. Defendants also knew or should have known that individuals such as Plaintiff with a disability are not required to give notice to a governmental agency prior to filing suit alleging Defendants' failure to remove architectural barriers.

11. Plaintiff believes and thereon allege that Defendants' facilities, as described herein, have other access violations not directly experienced by Plaintiff, which preclude or limit access by others with disabilities, including, but not limited to, Space Allowances, Reach Ranges, Accessible Routes, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains, and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, Telephones, Controls and Operating Mechanisms, Alarms, Detectable Warnings and Signage. Accordingly, Plaintiff alleges Defendants are required to remove all architectural barriers, known or unknown. Also, Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

12.     Plaintiff desires to return to Defendants' places of business and utilize their facilities without being discriminated against in the immediate future.

**IV**

**FIRST CAUSE OF ACTION**

**(Violation of Civil Rights-American With Disabilities Act)**

13. Plaintiff realleges the allegations in paragraphs 1 through 12 as though set forth fully herein.

## Claim 1: Denial of Full and Equal Access

14. Based on the facts asserted above Plaintiff has been denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Defendant business is a public accommodation owned, leased and/or operated by Defendants and each of them. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. Section 12182(a). Thus, Plaintiff was subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(ii)(iv) and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities.

15. Plaintiff has a physical impairment as alleged herein because his condition affects one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, his physical impairments substantially limits one or more of the following major life activities: [walking]. In addition, Plaintiff cannot perform one or more of the said major life activities in the manner speed, and duration when compared to the average person. Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

## Claim 2: Failure To Remove Architectural Barriers

16. Based upon the facts alleged herein, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned leased, and/or operated by the named Defendants. Defendants individually and collectively failed to remove barriers as required by 42 U.S.C. 12182(a) and 28 CFR 36.304. Plaintiff is informed and believes, and thus alleges that architectural barriers which are structural in nature exist at the following physical elements of Defendants' facilities:

Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Pursuant to 42 USC section 12182(b)(2)(iv) and 28 CFR 36.304 Title III requires places of public

accommodation to remove architectural barriers that are structural in nature within existing facilities. Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of prohibited discrimination. Accordingly, Plaintiff was subjected to discrimination in violation of 42 USC 12182(b)(2)(A)(iv) and 42 USC 12182 (b)(2)(A)(iv) and 42 USC 12188.

### Claim 3: Failure To Modify Practices, Policies And Procedures

17. Based on the facts alleged in this Complaint Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. Section 12188(a). Thus, Plaintiff was subjected to discrimination in violation of 42 U.S.C. section 12182(b)(2)(A)(iv); 28 CFR 36.302 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities.

18. As a result of the wrongful and discriminatory practices of defendants, plaintiff has suffered actual damages consisting of special damages and general damages in an amount to be determined at time of trial herein.

19. Pursuant to the provisions of 42 USC 12188 plaintiff seeks injunctive relief and an order directing defendants to cease and desist from discriminating against plaintiff and others similarly situated and for an order that defendants comply with the Americans With Disabilities Act forthwith.

20. Under the provisions of 42 USC 12205 Plaintiff is entitled to an award of reasonably attorneys fees and requests that the court grant such fees as are appropriate.

## VI

## SECOND CAUSE OF ACTION

### (Violation Of Civil Rights Under California Accessibility Laws)

21. Plaintiff realleges the allegations of the First Cause of Action as though set forth fully herein.

### (a) Denial Of Full And Equal Access

22. Plaintiff has been denied full and equal access to Defendants' goods services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or

operated by Defendants in violation of California Civil Code Sections 54 and 54.1 and California Health and Safety Code Section 19955. The actions of Defendants also violate the provisions of Title 24 of the State of California Building Codes with regard to accessibility for persons with disabilities by failing to provide access to Defendants facilities due to violations pertaining to accessible routes, ground and floor surfaces, parking and passenger loading zones, curb ramps, ramps, stairs, elevators, platform lifts (wheelchair lifts), windows, doors, toilet stalls, urinals, lavatories and mirrors, sinks, storage, handrails, grab bars, controls and operating mechanisms alarms, detectable warnings, signage and telephones.

23. On the above basis Plaintiff has been wrongfully discriminated against.

    **(b)    Failure To Modify Practices, Policies And Procedures**

24. Defendants have failed and refused and continue to fail and refuse to provide a reasonable alternative to allow plaintiff equal access to their facility by modifying their practices, policies, and procedures in that that they failed to have s scheme, plan, or design to assist Plaintiff and others similarly situated in entering and utilizing Defendants' goods or services as required by California Civil Code section 54 and 54.1. Accordingly Defendants have wrongfully discriminated against Plaintiff.

VII

**THIRD CAUSE OF ACTION**

**(Violation of The Unruh Civil Rights Act)**

25. Plaintiff realleges the allegations of the Second Cause of Action as though set forth fully herein.

26. Section 51(b) of the Cal. Civ. Code [The Unruh Civil Rights Act], provides in pertinent part:

> "All persons within the jurisdiction of this state are
> free and equal, and no matter what their sex, race, color,
> religion, ancestry, national origin, disability, or medical
> condition is entitled to the full and equal accommodations,
> advantages, facilities, privileges, or services in all
> business establishments of every kind whatsoever."

27. Defendants have violated the provisions of Civ. Code 51 (b) by

failing and refusing to provide free and equal access to Plaintiff to their facility on the same basis as other persons not disabled. By their failure to provide equal access to Plaintiff as herein alleged,

Defendants have also violated 42 U.S.C. section 12182(b)(2)(A)(iv) as provided in Cal. Civ. Codes section 51(f).

28. By reason of their acts and denial of Plaintiff's civil rights Defendants also violated the provisions of Cal. Civ. Code section 52, which makes a person or entity in violation of Cal.Civ. Code 51 liable for the actual damages to a Plaintiff including treble damages where appropriate.

29. Defendants and each of them, at all times prior to and including May 2004, respectively and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes and despite knowledge of the resulting problems and denial of civil rights suffered by Plaintiff and other similarly situated persons with disabilities.

30. Defendants and each of them have failed and refused to take action to grant full and equal access to person with physical disabilities. Defendants have carried out a course of conduct of refusing to respond to, or correct complaints about unequal access and have refused to comply with their legal obligations to make the subject facility accessible pursuant the ADAAG and the California Building Code [Title 24 of the California Code of Regulations]. Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and those similarly situated and thus justify an award of treble damages pursuant to section 52(a) and 54.3(a) of the Cal.Civ. Code or alternatively an award of punitive damages in an appropriate amount.

31. Plaintiff has suffered emotional and physical damage and continues to suffer such damages all in an amount to be determined at time of trial.

32. Under the provisions of Cal. Civ. Code section 55 Plaintiff seeks an award of reasonable attorney's fees and costs as a result of having to bring this action. Plaintiff requests the court to award such fees in an appropriate amount.

## VIII

## FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

33. Plaintiff realleges the allegations of the Third Cause of Action as though set forth fully herein.

34. Defendants and each of them owed a duty to Plaintiff to make their facility accessible and to keep Plaintiff reasonably safe from known dangers and risks of harm. This duty arises by virtue of the legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, California Civil Code sections 51, 52, 54, 54.1 and Title 24 of the California Code of Regulations. Defendants had a duty of due care not to do or cause anything to happen that would subject Plaintiff to undue stress, embarrassment, chagrin, and discouragement.

35. Defendants breached their duty of care to Plaintiff by the actions and inaction complained of herein and as a result thereof Plaintiff was shocked, discouraged, embarrassed and outraged at the callousness and disregard of Defendants. Defendants knew or had reason to know that by denying Plaintiff equal access to their facility and failing and refusing to remove architectural barriers, Plaintiff would suffer emotional and/or mental distress because of such discrimination and disparate treatment. Defendants breached their duty of care to plaintiff by the perpetration of the acts outlined herein.

36. As a proximate result of the actions of Defendants Plaintiff did suffer emotional and mental stress and pain and suffering all in an amount to be determined at time of trial.

//

## IX

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

37. Plaintiff realleges the allegations of the Fourth Cause of Action as though set forth fully herein.

38. The actions of Defendants and each of them are despicable, intentional and done with conscious disregard of the rights and safety of Plaintiff and as such should be regarded at outrageous.

39. As a proximate result of Defendants' actions Plaintiff has suffered severe emotional and mental distress all to his damage in an amount to be determined at time of trial.

40. Plaintiff seeks an award of punitive damages for this claim as the actions of Defendants are tantamount to outrageous conduct and subject them to exemplary damages.

## X

## SIXTH CAUSE OF ACTION

### (DECLARATORY RELIEF)

41. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-40 of this complaint as though set forth fully herein.

42. An actual controversy now exists in that plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code Sections 51, et seq., Section 52, et seq., Title 24 of the California Code of Regulations and Title III of the Americans with Disabilities Act and the Americans with Disabilities Access Guidelines (ADAAG).

43. A declaration of Plaintiff's rights is necessary and appropriate in order for the parties to this action to know their respective rights and duties. Accordingly, the court should make a declaration of the rights of the parties.

### DEMAND FOR JURY

44. Plaintiff respectfully requests that the claims made herein be heard and determined by a jury.

WHEREFORE PLAINTIFF PRAYS:

1. For general damages according to proof;

2. For special damages according to proof;

3. For damages pursuant to Cal. Civil Code section 52, in the amount of $4,000 for each and every offense of California Civil Code section 51, Title 24 of the California Building Code and the Americans with Disabilities Act.

4. For Injunctive relief pursuant to 42 U.S.C. 12188(a) and for declaratory relief;

5. For an award of attorney's fees pursuant to 42 U.S.C. 1988, 42 U.S.C. 12205 and Cal. Civ. Code section 55;

6. For treble damages pursuant to Cal. Civ. Code 52 (a);

7. For punitive damages according to proof;

8. For a Jury Trial;

9. For costs of suit incurred herein and;

10. For such other and further relief as the court deems proper.

Respectfully submitted,   **THE LAW OFFICES OF ROY L. LANDERS**

Dated: 7/7/04   By: _____
Attorney for Plaintiff, Donald Terry

# CIVIL COVER SHEET

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required aw, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DONALD TERRY, | PIEBUSH ENTERPRISES, LLC. et al. |
| (b) County of Residence of First Listed Plaintiff __San Diego__ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed __San Diego__ FILED (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. JUL 9 2004 |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Roy L. Landers (619)296-7898 7840 Mission Center CT, Suite 101 San Diego, CA 92108 | Attorneys (If Known) '04 CV 1389 JM (WMc) CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA DEPUTY |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 12101-12102, 12181-12183 and 12201, et seq.
Discrimination on basis of disability (Public Accommodations)

**VII. REQUESTED IN COMPLAINT:** xx  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ___  DOCKET NUMBER ___

DATE 7/8/04  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

105302  7/12/04  150ºº